IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON SHAWN PETTIT                                                                                                    PLAINTIFF

v.                              Civil No. 4:25-cv-04053-SOH-SGS

SHERIFF BOBBY WALRAVEN;
JAIL ADMINISTRATOR GINA BUTLER;
WALERS; and CAPTAIN CHERESE CHAPA                                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jason Shawn Pettit, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

### I.   BACKGROUND

Plaintiff initially filed his Complaint and Application to proceed *in forma pauperis* ("IFP") on July 9, 2025. (ECF Nos. 1-2). Plaintiff indicated he was incarcerated in the Little River County Detention Center ("LRCDC") in Ashdown, Arkansas, when he filed his Complaint. (ECF No. 1, p. 1). This remains Plaintiff's address of record with the Court.

The Court granted Plaintiff IFP status on July 9, 2025. (ECF No. 3). In this Order, the Court specifically advised Plaintiff:

> Plaintiff shall submit a change of address on a separate piece of paper entitled Notice to the Court of Change of Address and <u>not</u> include any motions or otherwise request relief in this document. . . . The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change.

*Id* (emphasis in original). This Order was mailed to Plaintiff's address of record at LRCDC and not returned as undeliverable mail.

On August 12, 2025, the Court reviewed Plaintiff's Complaint and determined the claims he asserted were unrelated and Ordered Plaintiff's claims severed pursuant to Federal Rule of Civil Procedure 21. (ECF No. 6). Plaintiff was ordered to file an Amended Complaint in this case asserting only his sexual harassment and retaliation claims against Defendants Walraven, Butler, Chapa, and Walters. *Id.* Plaintiff's Amended Complaint was due on September 2, 2025. *Id.* This Order was not returned as undeliverable mail, and Plaintiff failed to file an Amended Complaint.

On September 8, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's August 12, 2025 Order. (ECF No. 7). Plaintiff was provided until September 29, 2025 to respond to the Order to Show Cause. This Order to Show Cause was not returned as undeliverable mail, and Plaintiff failed to respond.

Plaintiff has not communicated with the Court since originally filing his Complaint on July 9, 2025. (ECF No. 1).

## II.   DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk

2

> and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

3

As evidenced by the docket, Plaintiff has failed to comply with the Court's Order, and he has failed to prosecute this matter. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

### III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 14th day of October 2025.

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE